IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DOROTHA LOUISE HAWKINS,                )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Case No. 11-cv-372-GKF-TLW
                                       )
TULSA COUNTY COURT CLERK               )
SALLY HOWE SMITH, in her official      )
and individual capacities, TULSA COUNTY, )
and the BOARD OF COUNTY                )
COMMISSIONERS FOR TULSA COUNTY,        )
                                       )
            Defendants.                )

## OPINION AND ORDER

This matter comes before the Court on the Motion to Reconsider [Doc. No. 24] of defendant Board of County Commissioners of Tulsa County ("BOCC"). The BOCC contends the Court erred when it dismissed plaintiff's claims against co-defendant Sally Howe Smith ("Smith") in her official capacity as Tulsa County Court Clerk for violation of the Americans with Disabilities Act ("ADA") [1] and plaintiff's *Burk* tort claim for wrongful discharge in violation of Oklahoma's public policy against disability discrimination, as expressed in Oklahoma's Anti-Discrimination Act ("OADA"). BOCC asks the court to reinstate those official capacity claims against its co-defendant, Smith.

In evaluating BOCC's unusual motion, the Court first looks to the issues raised in the underlying motion to dismiss [Doc. No. 13] with respect to the ADA and *Burk* tort claims.[2]

---

[1] Plaintiff's First Claim for Relief is an ADA claim for disability discrimination. Her Third Claim for Relief is a claim of Retaliation in violation of the ADA.
[2] Smith also moved to dismiss plaintiff's claims against her in her individual capacity, plaintiff's claim for intentional infliction of emotional distress, and plaintiff's claim for punitive damages. The Court dismissed those claims and BOCC has no quarrel with these rulings.

Smith first argued that plaintiff failed to comply with Oklahoma's Governmental Tort Claims Act, 51 Okla. Stat. §§ 151-172 ("GTCA") because a) Section 163(C) of the GTCA prohibits suit being brought against an employee in her official capacity; and b) the Petition did not factually allege compliance with the GTCA's notice provisions, *see* Dkt. # 13, pp. 3-5.  Second, Smith argued that that plaintiff failed to state a claim upon which relief can be granted.

Plaintiff responded that the GTCA does not apply to ADA or OADA claims (*see, Felder v. Casey*, 487 U.S. 131 (1988)(state notice-of-claim statute is pre-empted with respect to federal civil rights actions); and *Duncan v. City of Nichols Hills*, 913 P.2d 1303, 1309 (Okla. 1996)(the notice provisions of the GTCA are pre-empted with respect to claims brought under Oklahoma anti-discrimination statutes)), and that plaintiff sufficiently alleged her claims of discrimination.

In reply, Smith did not contest that the GTCA is pre-empted with respect to plaintiff's two ADA claims.  However, Smith took issue with the characterization of plaintiff's Second Claim for Relief as a statutory cause of action brought under the OADA.  The claim alleges "[t]he discrimination committed by Defendants is contrary to Oklahoma's anti-discrimination statute pursuant to the *Burk* public policy tort", and seeks damages that are recoverable in a *Burk* tort claim (e.g., damages for emotional distress, punitive damages, front pay) but are not recoverable in a statutory OADA claim.  Thus, argued Smith, the cause of action is one in tort, and the plain language of the GTCA requires compliance with its notice provisions.  *See Wimberly v. Glanz*, 2010 WL 3210958 (N.D. Okla.), and *Harvey v. Glanz*, 2010 WL 3154337 (N.D. Okla.).

In its Opinion and Order of February 2, 2012, the Court cited *Pelligrino v. State ex rel Cameron University*, 63 P.3d 535, 537 (2003) for the proposition that designating an employee in his official capacity as a named defendant is improper under the GTCA.  The proposition is

correct insofar as it relates to claims against government *employees*, but here the plaintiff is suing Smith in her capacity as a county official. Oklahoma's Constitution, at Article 17, Section 2, recognizes the Clerk of the District Court as a county officer in the State of Oklahoma, as does Section 131 of Title 19 of the Oklahoma Statutes. Moreover, the Oklahoma Legislature has clearly contemplated that suits will be brought against county officials in their official capacities. *See, e.g.*, 19 Okla. Stat. § 215.36(A)(3)(imposing the statutory duty upon boards of county commissioners to provide sufficient funds for the costs and necessary expenses of defense wherein a county officer in her official capacity is a party defendant); 19 Okla. Stat. § 215.37M (permitting legal representation of a county officer by contract with a private attorney if the district attorney and the board of county commissioners agree). Plaintiff's two ADA claims against Smith in her official capacity as Tulsa County Court Clerk are proper and must be reinstated.

Plaintiff's Second Claim for Relief is a *Burk* tort claim, not a statutory action brought under the OADA. The Oklahoma Supreme Court has held that the GTCA's notice requirements apply to *Burk* torts but do not apply to statutory claims for handicap discrimination brought pursuant to title 25, section 1901 of the Oklahoma Statutes. *See Duncan*, 913 P.2d at 1309-10 (explaining that, "[h]ad the plaintiff asserted a cause of action in tort . . . the plain language of the [GTCA] requires compliance with the notice provisions."). Thus, pursuant to *Duncan*, plaintiff's Petition must factually allege compliance with the GTCA's notice provisions. *See also Willborn v. City of Tulsa*, 721 P.2d 803, 805 (Okla. 1986); *Simington v. Parker*, 250 P.3d 351, 358 (Okla. Civ. App. 2011); *Wimberly*, 2010 WL 3210958; *Harvey;* 2010 WL 3154337; *Locke v. Grady County*, 2009 WL 1564221 (W.D. Okla). Here, plaintiff failed to allege compliance with GTCA's notice provisions. Plaintiff's contention that her EEOC charge

"substantially complied" with the GTCA by putting Smith on notice of a *Burk* tort claim is unpersuasive and without merit. Her *Burk* tort claim was therefore properly dismissed.

WHEREFORE, the Motion to Reconsider [Doc. No. 24] of defendant Board of County Commissioners of Tulsa County is granted in part and is denied in part. The motion is granted with respect to plaintiff's ADA claims, which are reinstated against defendant Sally Howe Smith in her official capacity as Tulsa County Court Clerk. The Motion to Reconsider the dismissal of plaintiff's *Burk* tort claim as against defendant Smith is denied.

DATED this 12th day of June 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT