IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOROTHA LOUISE HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TULSA COUNTY COURT CLERK | ) Case No. 11-CV-372-GKF-TLW |
| SALLY HOWE SMITH, In Her Official | ) |
| and Individual Capacity, TULSA | ) |
| COUNTY, and the BOARD OF COUNTY | ) |
| COMMISSIONERS FOR TULSA | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the court is the Motion to Amend Complaint [Dkt. #31] filed by plaintiff, Dorotha Louise Hawkins ("Hawkins").

Hawkins, a former bookkeeper for Tulsa County, sued defendants in Tulsa County District Court asserting claims for (1) discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a) and (b)(5); (2) discrimination in violation of Oklahoma's anti-discrimination statute, 25 O.S. § 1001, 1901, and *Burk* public policy tort; (3) retaliatory treatment and discharge in violation of the ADA, 42 U.S.C. § 12101; and (4) intentional infliction of emotional distress ("IIED"). The court previously dismissed all claims against Smith in her individual capacity; the Second Claim for Relief against Smith and the BOCC to the extent it alleged a *Burk* tort; the First and Third Claims against the BOOC to the extent they sought punitive damages; and the Fourth Claim for Relief for IIED. [Dkt. ##22, 29].

Hawkins seeks leave to amend the complaint to assert a civil rights claim against Smith in her official capacity for alleged violations of the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and a claim against both Smith and BOCC for violation of the Rehabilitation Act of 1973. Both defendants object on the basis that the proposed amendments would be futile.

## I. Applicable Standard

Under Fed.R.Civ.P. 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." However, "[a] district court may refuse to allow amendment if it would be futile." *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.,* 466 F.3d 1195, 1199 (10th Cir. 2006)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir. 1999). Thus, "[i]n order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Rule 12(b)(6)." *Childs v. Unified Life Ins. Co.,* 781 F.Supp.2d 1240, 1251 (N.D. Okla. 2011) (quotation and citation omitted).

Federal Rule of Civil Procedure 8(a) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require detailed factual allegations, but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Naked assertions devoid of "factual enhancement" do not suffice. *Id.* Further, the court need not accept conclusory allegations as true. *Erikson v. Pawnee County Bd. of County Comm'rs.,* 263 F.3d 1151, 1154 (10th Cir. 2001).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007). The plausibility requirement does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 556. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The court must determine "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007).

Accepting the nonconclusory allegations as true, they must establish that the plaintiff plausibly, and not just speculatively, has a claim for relief. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

## II. Analysis

### A. Section 1983 Claim

With respect to the § 1983 claim, the proposed amended complaint alleges that Smith acted "under color of statutes, custom and usages of the State of Oklahoma to deprive her of the rights, privileges and immunities guaranteed to her in the Constitution of the United States and the laws of the United States and the State of Oklahoma." [Dkt. #31-1, ¶37]. Plaintiff alleges that "certain agents and officers of the Defendant acted together and individually, and within the

scope of their apparent authority to deprive her of due process and equal protections of the laws of the United States and the State of Oklahoma, her federal rights and property interests based upon her disability." [*Id.,* ¶38]. Further, she alleges "Defendant Smith has imposed unlawful termination practices, allowed harassment in employment despite specific knowledge that said harassment in violation of the ADA was occurring, denied transfer of position to the Plaintiff knowing that she was being treated differently on the basis of her disability, and terminated the Plaintiff despite having knowledge and receiving complaints from the Plaintiff about the unequal treatment she was receiving based on her disability." [*Id.,* ¶38]. She alleges, "Defendant Sally Howe Smith, as the Court Clerk, approved of the discrimination by failing to remedy Plaintiff's complaints." [*Id.*]. Plaintiff contends "that in so doing, Smith deprived her of the privileges guaranteed to her by the Fifth and Fourteenth Amendment." [*Id.,* ¶39].

Although the proposed Amended Complaint makes conclusory allegations that plaintiff's constitutional rights were violated, the only *facts* she alleges in support of the claim are that she was harassed, denied a transfer, treated differently on the basis of her disability and ultimately terminated—all in violation of the ADA. She alleges no facts supporting any due process or equal protection violations except the conduct that forms the basis of her ADA claim.

It is well settled that "Section 1983 itself does not create any substantive rights, but merely provides relief against those who, acting under color of law, violate federal rights created elsewhere." *Reynolds v. School Dist. No. 1, Denver, Colo.,* 69 F.3d 1523, 1536 (citing *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). Further, Section 1983 cannot be used to vindicate a violation of federal law where Congress has otherwise created an incompatible and comprehensive enforcement scheme. *See Blessing v. Freestone,* 520 U.S. 329, 341 (1997).

In *Stevenson v. Independent School Dist. No. I-038 of Garvin County, Okla.,* 393 Fed.Supp.2d 1148, 1152 (W.D. Okla. 2005), District Court Judge Robin Cauthron addressed the question of whether plaintiffs can sue under § 1983 for violations of the ADA.  Judge Cauthron noted that the Fifth, Eighth, Ninth and Eleventh Circuits had previously answered this question in the negative, and the Tenth Circuit had held that rights created by the Rehabilitation Act were not enforceable through § 1983 against government employees in their official capacity. *Id.* at 1151-52.  The district court agreed with the circuit courts, concluding plaintiffs could not sue under § 1983 for violations of the ADA or Rehabilitation Act. *Id.* at 1152.

The court concurs with the ruling in *Stevenson.*  Plaintiff's proposed § 1983 claim, which is premised on the facts giving rise to her ADA claim, is precluded.  Therefore, allowing her to amend the complaint to add such a claim would be futile.

### B. Rehabilitation Act Claim

With respect to the claim for violation of the federal Rehabilitation Act, plaintiff alleges she is a "disabled/handicapped" individual as defined in 29 U.S.C. § 705.  [*Id.,* ¶41].  She alleges BOCC and Tulsa County are both instrumentalities of local government and receive funds from the federal government.  [*Id.,* ¶42].  The proposed amended complaint states, "By subjecting the Plaintiff to discrimination based on her disability and terminating the Plaintiff because of her disability, the Defendants denied and excluded her from the benefits of the Defendants' program within the meaning under 29 U.S.C. § 794(b)."  [*Id.*, ¶43].  Plaintiff claims that as a result of the denial and exclusion from benefits, she has sustained injuries and suffered damages.  [*Id.,* ¶44].  She seeks back pay and benefits, front pay, compensatory and punitive damages and attorney fees and costs.  [*Id.*].

Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, . . . be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The term "program or activity" includes the operations of a department, agency or other instrumentality of a state or of a local government. 29 U.S.C. § 794(b)(1)(A).

Because Section 504 of the Rehabilitation Act and the ADA impose identical requirements, courts generally consider such claims in tandem. *See Rodriguez v. City of New York,* 197 F.3d 611, 618 (2nd Cir. 1999). *See also Young v. City of Claremore,* 411 F.Supp.2d 1295, 1303 (N.D. Okla. 2005) (stating "Title II of the ADA is modeled on the Rehabilitation Act, and decisional law on the Rehabilitation Act may be relied upon interchangeably in examining claims under the ADA"). To make out a prima facie case for discrimination in violation of the Rehabilitation Act, a plaintiff must establish: (1) that she is disabled under the Act; (2) that she would be "otherwise qualified" to participate in the program; (3) that the program receives federal financial assistance; and (4) that the program has discriminated against the plaintiff. *Wilkerson v. Shinseki,* 606 F.3d 1256, 1262 (10th Cir. 2010).

In her proposed amended complaint, plaintiff incorporates by reference the foundational facts alleged with respect to her ADA claims. Additionally, she alleges defendants receive federal financial assistance. Therefore, plaintiff will be permitted to amend her complaint to add the Rehabilitation Act claim to the same extent she has alleged viable claims against defendant Smith in her official capacity and the BOCC.[1]

---

[1] The BOCC argues the court should not permit plaintiff to assert the Rehabilitation Act claim against it because the BOCC has no statutory authority to direct the activities of the court clerk or her deputies. However, plaintiff's ADA claims against the BOCC remain pending. While BOCC may ultimately be entitled to summary judgment on both the ADA and Rehabilitation Act claims, at this stage plaintiff has stated cognizable ADA and Rehabilitation Act claims.

### C. Dismissed Claims

The court previously dismissed all claims against Smith in her individual capacity; the Second Claim for Relief against Smith and the BOCC to the extent it alleged a *Burk* tort; the First and Third Claims against the BOOC to the extent they sought punitive damages; and the Fourth Claim for Relief for IIED. Plaintiff's proposed amended complaint, however, continues to assert those claims. Plaintiff shall remove all such claims from her proposed amended complaint.

### III. Conclusion

For the reasons set forth above, plaintiff's Motion to Amend Complaint [Dkt. #31] is granted with respect to the claim for violation of the federal Rehabilitation Act and denied with respect to the Section 1983 claim. Plaintiff is given leave to file an amended complaint in conformity with this order by December 10, 2012.

ENTERED this 3rd day of December, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT